## BLACKALL & BALDWIN CO. v. HILL.

(Supreme Court, Appellate Term. November 10, 1911.)

CORPORATIONS (§ 325*)—INDIVIDUAL LIABILITIES OF OFFICERS.

An obligation incurred by one in his capacity as an officer of a corporation does not justify a judgment against him individually.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1442; Dec. Dig. § 325.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Blackall & Baldwin Company against G. Everett Hill. From a judgment of the Municipal Court of the City of New York for plaintiff, after trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Robinson, Allen & Hoy (Nelson L. Robinson, of counsel), for appellant.

Thomas P. De Graffenried, for respondent.

SEABURY, J. The complaint alleges that between December 1, 1909, and April 1, 1910, the plaintiff at the instance and request of the defendant performed certain work and supplied certain material at the agreed price and reasonable value of $168.24; that defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid $26.25 on account, leaving a balance of $141.99, for which sum judgment is demanded.

The answer is a general denial, and as a separate defense alleged that the services and materials were rendered and supplied to the city of Asbury Park, N. J., in performance of a contract in writing for the construction of sewers between the city of Asbury Park and the Park & United Paving Company, and in performance of a contract between the plaintiff and the last-named corporation, and, further, that at the time the services were rendered and materials supplied the defendant was the vice president and engineer of the City Waste Disposal Company, which was the engineer for the city of Asbury Park in charge of the work done under said contracts, and that all directions were given by the defendant in his representative capacity.

A review of the record convinces us that the obligation, if any, incurred by the defendant, was incurred by him in his representative capacity, and that; therefore, it was error for the lower court to render judgment holding him individually liable.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.